```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

MICHAEL C. ENGLES,            )
                                    )
        Plaintiff,         )
                                    )
  v.                          )     No.  12 C 70
                                    )
SHERMAN HOSPITAL,             )
                                    )
        Defendant.         )

<u>MEMORANDUM ORDER</u>

Counsel for defendant Sherman Hospital (the "Hospital") has filed its Answer to the First Amended Complaint at Law ("FAC") brought by Michael Engles ("Engles") against the Hospital. This sua sponte memorandum order is occasioned by the unacceptability of that responsive pleading in several respects.

To begin with, the Hospital's counsel has not complied with this District Court's LR 10.1, a directive whose obvious purpose is to enable the reader--whether Engles' counsel or this Court or anyone else--to look at a single document to see the respects in which the parties do or do not part company, rather than having to flip back and forth between the FAC and the Answer. That alone calls for striking the Answer (with leave granted to replead, of course), and this Court so orders.

Next the Hospital's counsel impermissibly departs from the unambiguous formulation established by Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for a deemed denial of the Hospital's allegations (see Answer ¶¶3 and 5), then compounds that error by

an improvident denial of Engles' corresponding allegations and one meaningless demand for "strict proof," whatever that may mean (see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). As for the outright denial, that is of course oxymoronic--how can a party that must assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the denials are stricken wherever they appear in the Answer.

Finally,[1] even apart from the already-mentioned noncompliance with the prescribed terms of the Rule 8(b)(5) disclaimer, it is counsel--not a Hospital representative who really knows the facts rather than via hearsay--that provides an affidavit supporting the disclaimer. Federal practice does not call for an affidavit at all, but if one is repeated in the Amended Answer called for here, it should not be done by the lawyer.

Accordingly the entire Answer and counsel's affidavit are stricken, with leave granted to file a self-contained Amended Answer on or before February 15, 2012. No charge is to be made to the Hospital by its counsel for the added work and expense

---

[1] This "finally" should not be misunderstood, for this Court has not sought to be exhaustive in speaking of the pleading's defects, a matter better left to Engles' counsel to identify.

incurred in correcting counsel's errors. Hospital's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  February 3, 2012